HOWARD M. BALDRIGE

*v.*

FANNY B. COFFEY *et al.*

*Opinion filed February 19, 1900.*

EQUITY—*power of equity to decree sale of trust property.* In order to prevent trust property from being lost to the life tenant and remainder-man, equity has power, upon a proper showing, to decree the sale of the property and distribution of the proceeds, particularly where all persons having a vested interest join in asking it.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.

JOSEPH W. MAPLE, for plaintiff in error.

WILLIAM JACK, for defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Letitia S. Baldwin died in Peoria on the 26th day of December, 1897, seized of certain real estate located on the bluff in that city, being about two hundred and twenty-five feet front on Bluff street and running through to Greenleaf street. At the time of her death Mrs. Bald-

win occupied the premises as a homestead, and the property had been so occupied for over fifty years. She died testate, leaving a daughter, Fanny B. Coffey, and two grand-daughters, Annis Baldwin Coffey and Blanche C. Baldrige, as her only heirs. By the second clause of her will Mrs. Baldwin gave to her daughter Fanny B. Coffey, in fee, the Greenleaf street front, running back to the depth of one hundred feet. The third clause of the will was as follows:

"*Third*—I further give, devise and bequeath to my said daughter, Fanny B. Coffey, for and during the term of her natural life, the said premises occupied by me as a homestead, including that part thereof occupied by my said daughter and her family, together with all the ground included in said homestead plat, being about two hundred and twenty-seven (227) feet front, more or less, on Bluff street, excepting that portion thereof by the preceding section of this my will specifically devised to my said daughter absolutely. At the death of my said daughter all of said property by this paragraph given to her for life shall be and become the absolute estate of my two grand-daughters, Annis Baldwin Coffey and Blanche C. Baldrige, share and share alike. In case either of my said grand-daughters shall die during the life of her mother and shall leave a child or children, then such child or children shall receive the share to which the parent, if living, would have been entitled."

This bill was filed by the defendants in error, Fanny B. Coffey, Annis B. Coffey, Blanche C. Baldrige and her husband, Howard H. Baldrige, against Howard M. Baldrige, a minor son of Blanche C. Baldrige, and F. H. Tichenor, administrator with the will annexed of the estate of Letitia S. Baldwin, deceased, praying that a trustee be appointed and invested with the absolute title in fee to the land referred to in the third paragraph of said will, and that said trustee may be given the right to sell such real estate absolutely and in fee, and that the court may

find and determine the application of the proceeds of such sale. On the hearing upon the pleadings and the evidence the court entered a decree as prayed for in the bill, to reverse which this writ of error was sued out by plaintiff in error.

It will be observed that Fanny B. Coffey, who owns the life estate in the property, and Annis B. Coffey and Blanche C. Baldrige, who upon the death of their mother will become the absolute owners of the fee, are the complainants in the bill and ask a decree authorizing a sale of the property. The defendant in the bill, plaintiff in error here, a minor son of Blanche C. Baldrige, has no vested interest in the property, so that all persons having a present vested interest in the property unite in asking a decree authorizing a sale of the property.

But conceding that the plaintiff in error has a contingent interest in the property depending upon the death of his mother prior to the death of Mrs. Coffey, we think the evidence introduced on the hearing fully justifies the decree. It appears from the evidence that the buildings on the property are old and decayed; that it would cost more to repair them than to erect new buildings; that the St. Francis hospital is located on the north-easterly side of the property, the location of which has greatly depreciated the value of the property for residence purposes; that owing to the hospital and the dilapidated condition of the buildings it has been impossible to lease the property since Mrs. Baldwin's death. It also appears that the entire tract is worth in the neighborhood of $17,500; that the property cannot be used as a residence by Fanny B. Coffey because she is compelled to reside with her daughter Annis B. Coffey in a milder climate than that of Illinois; that Fanny B. Coffey has no means for keeping the property in repair or of keeping the taxes paid thereon, and that both daughters are without means beyond their living expenses; that the annual taxes on the property exceed $400; that the real estate can be used

for residence purposes only; that the hospital is about to be enlarged, which will tend to further decrease the value of the premises; that the owners of the hospital will now purchase the premises at a fair value if a good title can be secured.

From the facts appearing in the record in regard to the relation of the parties and condition of the property the case clearly comes within the rule established by this court in *Hale* v. *Hale,* 146 Ill. 227, *Gorman* v. *Mullins,* 172 id. 349, and *Gavin* v. *Curtin,* 171 id. 640. In the *Hale case* it was said (p. 254): "That the power of courts of chancery, by virtue of their general jurisdiction over the estates of infants, to authorize the conversion of their real estate into personal, where it is clearly for their interest that such conversion should be made, is not only supported by the general current of authority in this country, but is so thoroughly settled by the former decisions of this court as to be no longer an open question in this State." In *Gavin* v. *Curtin* it was expressly held that upon a bill by a life tenant, equity may appoint a trustee to take the fee in the property, sell the same and re-invest the proceeds for the benefit of the life tenant and the remainder-man, where it appears that unless equity interferes the property will be lost to both tenant and remainder-man. Here it is plain, from the facts established by the record, that the property will be lost both to the life tenant and the remainder-man unless a court of equity grants the relief prayed for in the bill.

We are free to concede that a court ought not to interfere in a case of this character without clear proof, yet in this case, after a careful consideration of the record, we are satisfied the evidence fully warrants the decree. The decree will therefore be affirmed.

*Decree affirmed.*